## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

THE KING *vs.* WAAHIA (W.) AND HANA KAAIAHUA (W.)—
MOTION FOR NEW TRIAL ON EXCEPTION TO THE VERDICT, AS
UNSUPPORTED BY AND CONTRARY TO EVIDENCE.

NEW TRIAL is not granted when there is evidence to sustain the
verdict.

The defendants were complained of for practicing medicine
without license. The evidence was, that "Hana went after
Alona with the intention of having Waahia as his physician,
and took him to her (Hana's) place, February 6th, 1872.
Waahia directed Hana how to prescribe (prepare) the medi-
cine for Alona. First, the medicine was given to the patient
to drink and some of it he was bathed with. Second, there
were *ti* leaves tied into knots and applied to the affected
parts. Third, there was a stone scraped into a bowl and the
patient made to drink a quantity of the mixture, and some of
it was applied externally. This last process was February
16th. We stopped with Waahia one whole week and then
Alona died. The first week we stopped at Hana's house
Waahia was not stopping there. I paid Hana $30.63 for
Waahia. I did not see Waahia doctoring Alona. Hana
gave him the potions first, for Waahia was not present.
Hana prepared the mixtures. The money was given to
Hana, who said it was for Waahia." Alona's wife also
testified that "he was doctored by Waahia. Hana came for
him. Hana told her to go away or her husband would die,
so did Waahia. Did not see Waahia doctor her husband."

The King *v.* Waahia (w.) and Hana Kaaiahua (w.)

In Waahia's separate trial Hana denied everything that would implicate either of them.

### OPINION OF THE COURT BY HARTWELL, J.

The motion for new trial is denied, as the record shows evidence in each case tending to support the verdict. To prepare and administer potions and receive compensation therefor, even although at the bidding of another, is sufficient to constitute the offence charged. Whether Hana acted as Waahia's agent or partner is immaterial. The law recognizes no partners in criminal business, nor can agent or principal shift criminal responsibility on each other. To send for a patient, direct his treatment, order prescriptions, and through another to receive fees therefor, is also sufficient to constitute the offence. Affirmative evidence of such acts is not to be set aside by this Court by reason of evidence that the defendant Waahia was not " stopping " at the house of the defendant Hana while the patient was suffering at the hands of one by the direction of the other. Waahia seems from the evidence to have been the moving spirit of the transaction. Her personal presence over the patient while her drugs were taking effect was not required in order to make out a case of practicing medicine without a license.

The negative and the contradictory evidence in such case was for the jury to consider, and is not ground for the Courts to act upon. Exceptions overruled.

W. C. Jones for the exceptions.

S. H. Phillips, Attorney General, (L. McCully with him) *contra.*

Honolulu, December 4th, 1872.